IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOVARRA MCCALL, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 15-5742 |
| AKER PHILADELPHIA SHIPYARD, INC., | |
| Defendant. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                    **FEBRUARY 5, 2016**

Presently before this Court is the Motion of Defendant, Aker Philadelphia Shipyard, Inc., to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), the Response in Opposition by Plaintiff, Novarra McCall, and Defendant's Reply thereto.  For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

The instant action was filed alleging discrimination that was suffered by Plaintiff who was terminated from his position as a welder with Defendant on or about March 26, 2014.  (Pl.'s Resp. Opp'n Def.s Mot. to Dismiss at 2.)  Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C.§§ 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 *et seq.* ("PHRA").[1]  (Id.)

---

[1] Defendant argues for dismissal of any religious and/or national origin discrimination or harassment claims.  (Def.'s Mot. to Dismiss at 22-24.)  Plaintiff states that "[he] has not made claims for religious and/or national origin discrimination or harassment, and any reference to such claims in his Complaint were simply scrivener error." (Pl.'s Resp. Opp'n Def.'s Mot. to Dismiss at 2.)  In light of Plaintiff's statement, any claims of discrimination or harassment based on religion or national origin are dismissed with prejudice.

Plaintiff is an African-American male who was sixty-two (62) years old at the time of his termination. (Id.) He was employed by Defendant for approximately fourteen (14) years as a welder. (Id.) When he reached the age where he became vested in his retirement and pension plans, Plaintiff asserts that he was subjected to heightened scrutiny and was ultimately placed on probation for lack of production on or about November 2013. (Id.) At that time, Plaintiff states that he was meeting or exceeding all of his quotas. (Id.) Plaintiff alleges that other white or non-black employees were not subject to the same scrutiny. (Id.) Also, he claims that he was disciplined by Steven Lalumera who is white and approximately fifty (50) years old. (Id.)

## II.    STANDARD OF LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Phila., 415 F. App'x. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations. Iqbal, 556 U.S. at 679. These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness. Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief. Id. at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

**III. <u>DISCUSSION</u>**

Defendant moves for dismissal of Plaintiff's Complaint arguing that it neither adequately alleges that he was subjected to race-and-age-based harassment, retaliation, and disparate treatment, nor that he was subject to a hostile work environment, in violation of Title VII, the ADEA, and the PHRA. (<u>See</u> Def.'s Mot. to Dismiss.) Defendant asserts that Plaintiff does not identify the purportedly-protected conduct upon which his retaliation claim rests. (<u>Id.</u> at 2.) It further asserts that "[h]is Complaint does not and cannot plausibly connect - by temporal proximity or other suggestive circumstances - any statutorily-protected act(s) with any negative repercussion(s) which might dissuade a reasonable employee from engaging in protected conduct." (<u>Id.</u>) Accordingly, Defendant argues that the Complaint does not state a plausible claim for retaliation. (<u>Id.</u>)

Defendant further contends that "[t]he Complaint does not describe actions or conduct which, considered independently or together, plausibly could be said to rise to the level of an objectively hostile work environment." (<u>Id.</u>) Thus, Defendant asserts that the Complaint also fails to state a claim for hostile work environment. (<u>Id.</u>)

Lastly, Defendant states that the Complaint fails to state plausible claims for disparate treatment based on race or age. (<u>Id.</u>) Defendant points out that Plaintiff does not aver sufficient facts to support claims based upon purported comparator employees. (<u>Id.</u>) It states that "Plaintiff's conclusory assertions that he was replaced by 'a younger worker' and was discharged because Defendant wanted to save money on his soon-to-vest pension do not support a plausible inference that Plaintiff was fired because of his age." (<u>Id.</u>) Finally, Defendant states that "Plaintiff's putative claims for retaliation and hostile work environment must be dismissed." (<u>Id.</u>)

4

Plaintiff responds to Defendant's arguments by asserting that he has "plead reasonable facts to support his legal claims." (Pl.'s Resp. Opp'n Def.'s Mot. to Dismiss at 4.) He asserts that his Complaint survives dismissal because he has "plead all of the elements and facts to establish claims for age, race, and retaliation claims." (Id.) He also asserts that he has "plead all facts that are reasonably in his possession at this time, that the Defendant is the gate keeper of the corporate information such as comparator information and employment records, and that no disclosures or discovery have been provided to date that would assist the Plaintiff in his pleadings." (Id. at 6.)

Considering the Complaint as a whole, and accepting all factual allegations as true, we find that dismissal is warranted. We agree with the strong arguments made by Defendant that Plaintiff has not sufficiently set forth his claims under Title VII, the ADEA, and the PHRA. The Complaint includes bare-bones allegations that leave the Court unable to adequately assess the sufficiency of each of the asserted claims. "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently permit the court to infer more than the mere possibility of misconduct." Guirguis v. Movers Specialty Servs., Inc., 346 F. App'x 774, 776 (3d Cir. 2009) (citations omitted).

As the Complaint currently stands regarding Plaintiff's age discrimination claims, the factual content does not permit the Court to infer more than the possibility of misconduct. As for his race discrimination claim, Plaintiff fails to allege any facts giving rise to racially discriminatory conduct by Defendant. Regarding any claims for retaliation, Plaintiff neither sets forth any statutorily-protected activity nor a causal connection between such activity and any materially adverse consequence. For example, Plaintiff generally complains of comments and conduct that were "unwelcome, unwarranted, and unsettling," and he states that he made

"complaints" to Defendant, but fails to describe such comments, conduct, and complaints. (Compl. ¶ 36.) Such inadequate pleading leaves this Court unable to discern the appropriate causes of action upon which Defendant may plausibly be held accountable. As a result, Plaintff's Complaint fails to allege facts sufficient to cross the Twombly and Iqbal plausibility threshold. Therefore, dismissal of Plaintiff's Complaint is required.

## IV.   CONCLUSION

Based upon the reasons set forth above, Defendant's Motion to Dismiss is granted without prejudice. Although Plaintiff asserts that he has set forth all of the facts that are reasonably in his possession at this time, he requests the opportunity to file an amended complaint as an alternative to dismissal. (Pl.'s Resp. Opp'n Def.'s Mot. to Dismiss at 6.) Plaintiff is granted fourteen (14) days to file an Amended Complaint solely for the purposes of amending the claims which he believes can be cured by way of amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases, district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). Plaintiff's claims of religious and national origin discrimination are dismissed with prejudice.

An appropriate Order follows.